RAMSEY *v.* FLOWERS.

Opinion delivered March 26, 1904.

1. EVIDENCE—OPINION—WHEN NOT PREJUDICIAL.—If it be error to permit the plaintiff in a suit for malicious prosecution to testify that his damage for injured reputation was $10,000, such error was not prejudicial where the verdict was for only $500. (Page 317.)

2. SAME—LETTER OF CONSPIRATOR.—In an action for malicious prosecution, where several defendants were shown to have engaged in a conspiracy to cause the arrest and prosecution of defendant, it is not error to admit in evidence a letter written in pursuance of the conspiracy by one of two of the conspirators, though it was not shown which of the two wrote it. (Page 318.)

3. SAME—CERTIFICATE OF UNITED STATES COMMISSIONER.—The office of United States commissioner being a *quasi* judicial one, his certified copy of the record he is bound to keep is evidence of the truth of the matters therein recited, and need not be otherwise proved. (Page 318.)

4. SAME—MOTIVES OF CONSPIRATORS.—In an action for malicious prosecution in causing plaintiff to be arrested and prosecuted for illicit distilling, it is competent for plaintiff to show that defendants were engaged in that business, and that plaintiff had interfered with their business, and that they had threatened him on that account. (Page 318.)

5.  SAME—STATEMENT OF CONSPIRATORS.—Proof that a member of a con-
spiracy to conduct a malicious prosecution stated that plaintiff was
an objectionable man in the community, coupled with proof that plain-
tiff was opposing such conspirators engaged in an unlawful traffic,
is admissible against them, though the statement was made before the
formation of the conspiracy.   (Page 319.)

Appeal from Cleburne Circuit Court.

ELBRIDGE G. MITCHELL, Judge.

Action by R. E. L. Flowers against  Frank  Ramsey and
others.   From a judgment for plaintiff defendants have appealed.
Affirmed.

*J. H. Harrod,* for appellants.

It was error to allow Flowers, as a witness, to testify as to
what amount of damage he estimated he had sustained in reputa-
tion.   47 Ark. 497.   Proceedings before a United States commis-
sioner are not court proceedings.   158 U. S. 278.   It was error
to allow the introduction of the proceedings had and papers filed
before such commissioner.

*J. V. Roberts* and *J. C. Clark,* for appellee.

Sentence by federal court to jail for making whiskey does
not disqualify witness.   Sand. & H. Dig. §§ 2915-16.   There was
no error in the admission of the papers and proceedings before
the United States commissioner.   35 Ark. 411; 186 U. S. 193.

BUNN, C. J.   This is a suit for malicious prosecution, insti-
tuted by the appellee against appellants on a claim for damages
in the sum of $10,000, tried and determined before a jury in the
Cleburne circuit court, on  the 9th day of  April, 1901, upon
pleadings and evidence, resulting in a verdict for plaintiff for the
sum of $500, and defendants filed their motion for new trial,
which being overruled they excepted, and appealed to this court.

In their motion for new trial, they made seventeen several
assignments of error, of which only six are insisted on here.

1.   They say that it was error to admit the testimony of
Flowers, to the effect that his damages for injured reputation were

$10,000, as stated in his complaint. It appears, however, that the verdict of the jury was for only $500. The said testimony of plaintiff therefore shows that it was not the basis of the verdict of the jury, and that it was not material.

2. The defendants contend that the letter received by Barnum should not have been admitted in evidence, since it was uncertain whether the same was written by Stewart or Copeland, the former testifying that he did not write it. The person who carried this letter from Stewart or Copeland could not positively testify which of the two gave it to him to be delivered to Barnum. Stewart and Copeland and the other defendants were shown by ample proof to have formed and been in conspiracy to cause the arrest and prosecution for illicit distilling, by the United States commissioner, O'Hair, in Little Rock. This charge was also shown to have been made without probable cause, and was dismissed by said commissioner. It therefore made no difference which one of the two wrote the letter. The genuineness of the letter was not called in question, only its authorship.

3. It is contended that the certified transcript of the proceedings before· said United States commissioner cannot be made evidence in the case. The office of a commissioner for United States courts was created by act of Congress of May 28, 1896 (29 Stat. 184, Supp. Rev. Stat. ch. 252, § 19), and in the hearing of causes similar to that against the plaintiff, a commissioner is a *quasi* judicial tribunal; therefore his certified copy of the record he is bound to keep is evidence of the truth of the matter and things therein recited, and need not be otherwise proved. *Chin Bak Kan* v. *United States,* 186 U. S. 200; 1 Greenleaf, Ev. (15th Ed.) § § 485 and 507.

4. The fourth objection urged by the defendants is that the court erred in permitting plaintiff's witnesses to testify that defendants had been engaged in illicit distilling, making stills and the unlawful sale of whiskey. It was competent to show the motives of defendants in prosecuting Flowers, and in conspiring together to that end, by showing their occupations, and that Flowers had interfered with their unlawful business, and also that they had threatened him on that account. In this connection the qualification as witnesses of Barnum and several other witnesses who had been convicted of illicit distilling in a United

States court and sentenced to the penitentiary, were called in question, but the question was not pressed, nor any authority cited on the subject.

5. The fifth contention of defendants was that the court erred in permitting plaintiff's witness, Barnum, to testify as to what he had heard defendant Stewart say about Flowers as an objectionable man in the community. This statement of Stewart, if made, clearly went to show his animus toward Flowers, especially when it was shown elsewhere that this animus grew out of his enmity to Flowers because he was openly opposed to the conspirators' unlawful traffic and manufacture of liquors. The facts that some of the statements were made before the formation of the conspiracy against Flowers, and by some of the defendants, does not render the testimony of the witness testifying to the same inadmissible for all purposes. The subject of these alleged statements of defendants, or some of them, was the protection of guilty persons from the United States marshals, and clearly directed the mind to contemplated crime or malicious prosecutions of the innocent.

6. The sixth objection to the action of the court in refusing to strike out certain parts of plaintiff's complaint because the same was a recital of the evidence in the case is without reason to sustain it. It was not misleading in the least, was not redundant, and was merely a concise statement of what the plaintiff expected and would offer to establish by proof. This in substance is the purpose of all good pleading. If error at all to refuse this request, it was an error perfectly harmless, and could not call for a reversal. The fact that the complaint sets out not only a portion of the evidence in a general way, but also the consequence to the plaintiff of his connection with the conspirators, was but showing his damage, had they succeeded. That was the very object of plaintiff's suit. The rules of pleadings and of the admission of testimony were never intended as limitations upon a plaintiff's right to present his whole case, as he could lawfully establish it by proof.

Seeing no prejudicial error in the rulings of the court, and there being ample evidence to sustain the complaint, the judgment of the lower court is affirmed.